IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RUSSELL HILL (# L3506)**                                                       **PLAINTIFF**

**v.**                                                    **No. 4:06CV185-M-B**

**CHRISTOPHER EPPS, ET AL.**                                      **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Russell Hill, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

The plaintiff alleges that he was housed in Unit 32 at the Mississippi State Penitentiary from June to November of 2003. He alleges that during that time, he was subjected to excessive heat, human excrement appeared in his toilet when other Unit 32 inmates flushed their toilets (ping-pong toilets), biting insects, inadequate mental health care, and the ranting of psychotic prisoners.

The plaintiff argues that the excessive heat increased his risk of heat stroke. In addition, he claims that the ping-pong toilets exposed him to "risk of contagion from aerosolized microorganisms from fecal matter." Finally, he argues that biting insects, inadequate mental health care for his bipolar disorder, and the ranting of psychotic prisoners left him feeling disgusted, suffering from anxiety attacks, and fighting bouts of depression and insomnia. The

plaintiff seeks the following relief: Punitive damages – $3,000,000.00, Compensatory Damages – $3,000,000.00, Anxiety – $500,000.00, Pain and Suffering – $500,000.00, Mental Anguish – $500,000.00, and Exemplary Relief – $1,000,000.00.

### Physical Injury Required to Recover Compensatory Damages

A pro se prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for psychological or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). The plaintiff has not alleged any physical injury in his complaint – only the possibility of physical injury. As such, all of his claims for money damages shall be dismissed. In addition, the plaintiff has been moved from Unit 32 at the Mississippi State Penitentiary to the Wilkinson County Correctional Facility; as such, any request for injunctive relief must be dismissed as moot. As neither monetary nor injunctive relief is available, the instant case shall be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of March, 2007.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**